DUCKER, JUDGE:
The claimant, Frederick Engineering Company, a corporation, ■alleges that the State Road Commission owes it $21,720.00 as money withheld by the Road Commission as liquidated damages for 181 days at $120 per day for claimant’s failure to complete within the specified time its work on the contract which was awarded to claimant on May 8, 1961, for the construction of approximately 7,381 feet of Interstate Highway 77 in Wood County, West Virginia, just south of Parkersburg, and being known as Project 1-77 (28) Contract No. 1.
The contract specified that it was to be completed in 225 working days, which, according to the actual number of working days which the Road Commission calculated, expired May 23, 1963. The period of the liquidated damages assessment for 181 days was from May 23, 1963 to November 21, 1963.
The claimant says that it completed its work under the contract on November 30, 1962, and with the payment made at that time bad received all but five percent of the total amount due it, and that it requested then and many times thereafter the Road Commission make its survey to determine whether the work had been done satisfactorily and according to specifications, but nothing was done until it was notified by a so-called “punch list” in June 1963 that a number of things needed correction, all of which claimant says were largely if not almost entirely due to erosion, settling of the fill and washout and drainage due to a severe winter, and the failure *27 oí the Road Commission to accept the work when it was finished rather than delay for five or six months the Road Commission’s survey of the work done by claimant.
The testimony in the case showed quite a few causes of delay which were not the fault of the claimant. Among such causes were the unfinished culvert work of the contractor on the adjoining section of the road, the delay in acquiring right of way which involved the removal of gas and utility lines, and a shutdown for approximately six months of the work pending a decision of the Road Commission as to fulfilling a specification requiring granular material for the base of the road, and during which latter delay the claimant could not do otherwise than to keep at great expense his equipment on the job. Although the time for the completion of the contract was extended on account of the delay caused by the granular material indecision, the contract time was not extended on account of the failure of State Road Commission to act promptly after the notification to the Road Commission by the claimant on November 30,1962 that it had completed the job. Then after the claimant was given the “punch” lists in June 1963, the additional work was completed in November 1963, the additional time required being the basis of the 181 days liquidated damages assessment.
The contract in this case amounted to over eight hundred thousand dollars on which a claimant’s witness testified claimant had suffered a loss of approximately two hundred thousand dollars, which fact while not strictly relevant as the State does not guarantee against loss, it does to some degree substantiate the claim that the delays and difficulties suffered by claimant could have materially contributed to such result.
This court is not unmindful of the propriety of liquidated damage clauses in these contracts because the Road Commission must require contractors to fulfill their obligations. Beyond that, a liquidated damage clause is considerably a penalty provision and should not be enforced unless real damage is sustained or where there are no circumstances which give the contractor equitable reasons for his failure to complete his work. In this case, it is apparent that the officials of the Road Commission have attempted to do their conscientious duty in *28 applying the liquidated damages provision, but this Court feels that the equities are more in favor of the claimant than in favor of the State, especially so, where it does not appear that the State has suffered financially in the matter.
The evidence in this case as testified to by claimant’s witness is more positive and impressive than that of the State, to the effect that the delays claimed by the claimant furnished a reasonable basis for claimant’s inability to complete the contract within the period required. In other words, it appears to us that the claimant’s evidence preponderates and that in all equity claimant should not have been assessed under the liquidated damage provision of the contract.
In accordance with the above, we are of the opinion to, and do hereby award the claimant the amount of the assessment withheld, namely, the sum of $21,720.00.
Award of $21,720.00.