WALLACE, JUDGE:
The claimant filed this claim against the respondent for recovery of $25,500.00 assessed against it as liquidated damages and for interest due on other payments delayed after the prescribed statutory period.
The claimant was the successful bidder and was awarded a contract to construct a portion of U.S. Route 48 extending from Morgantown, West Virginia, into the State of Maryland. The contract was for two projects, APD-483(21) and APD-483(22), hereinafter referred to as Project 21 and Project 22. The contract was let on April 27, 1971, and awarded May 3, 1971.
Project 21 connected with the A. J. Baltes job, Project 15 at the Laourel Run Bridge (See A. J. Baltes, Inc. v. Department of Highways, 13 Ct.Cl. 1 [1979]), and extended easterly, joining *365 Project 22 at Hopewell. The terrain of Project 21 was similar to the Baltes job, mountainous, containing sandstone and silt material. The terrain on Project 22 was rolling farmland, and the material was more shale-like and easier to handle. Project 22 was completed within the prescribed contract time.
The completion date for Project 21 as provided in the contract was July 31, 1973. The actual completion date was December 7, 1973, after which the respondent assessed the claimant 85 days liquidated damages.
The claimant contends that the assessment of liquidated damages was improper and the delay in the completion of Project 21 was caused by events beyond its control and which were mainly caused or contributed to by the respondent.
The contract was awarded to the claimant on May 3, 1971. Claimant requested an early pre-construction conference and notice to proceed. The pre-construction conference was not held until May 27, 1971, at which time the'claimant was advised that it must have a pollution control plan, a CPM, and a training program. Claimant was advised that as soon as the training program was completed and approved, and all facilities to the field office trailer had been accepted, it could start to work. Work commenced on June 10, 1971.
Claimant contends that the delay between the award date and commencement of work was excessive, and it was unable to take advantage of the May weather.
At the pre-construction conference, claimant advised that the design of the detour between Projects 21 and 22 could be in error and that the detour designed over Project 22, to work effectively, should be over Project 21. After the detour was constructed, respondent approved the change for the detour to be constructed over Project 21. The change was completed by the claimant at its expense and time for which the respondent allowed a half day time extension.
During the construction, weather conditions were more severe than normal, causing the claimant to work under extremely poor conditions. Because of the difference in the terrain between Projects 21 and 22, the weather conditions affected Project 21 more adversely than 22. Over 50,000 cubic yards of fill bench excavation was performed that was not originally anticipated. The respondent *366 granted an additional nine days’ extension for this additional work. The claimant contends that this added time was insufficient because the conditions were such that it was impossible to move more than 1500 to 2000 yards per working day.
Further delay was caused by design error on the Laurel Run Bridge (2833). Inability to complete the bridge until design changes were made by the respondent delayed the claimant in the construction of the highway portion of the project.
Claimant contends that these various delays caused more delays in obtaining stone for the roadway and shoulders, and in completing the paving portion of the contract. Holiday Construction Company was to furnish the stone, which was at first accepted and then refused when samples failed to meet specifications. Efforts by claimant to obtain other sources of stone were not satisfactory due to previous commitments of the suppliers. Later, the stone from Holiday was accepted. When the road was eventually ready for paving, the paving contractor was delayed by a strike of the cement truckers.
The claimant cites a meeting held on May 21, 1973, which it attended with other contractors holding contracts with respondent. At the meeting, attended by Department of Highways Commissioner W. S. Ritchie, Jr., Governor Arch A. Moore, Jr., announced that due to severe weather conditions and other conditions, each contractor would be allowed a ninety-day extension to complete its contract. The extension was not granted the claimant.
Although Project 21 was completed on December 7, 1973, the road could not be opened and used because the Baltes project on the west was not completed and there were no exits to provide ingress and egress to the new portion. Because the highway portion represented by Project 21 could not be opened for public use, claimant contends the respondent was not damaged; hence, another reason that assessment of liquidated damages was improper.
Irrespective of Governor Moore’s oral proclamation on May 21, 1973, granting a ninety-day extension to the various contractors, the Court, after reviewing the record, is of the opinion that the enforcement of the liquidated damage clause in the contract was unjustifiable. The failure to complete Project 21 was caused by weather and other conditions beyond the control of the claimant *367 and by delays caused by the respondent. As this Court stated in Whitmeyer Brothers, Inc. v. Department of Highways, 12 Ct.Cl. 9 (1977), “The plaintiff cannot recover liquidated damages for a breach for which he is himself responsible or to which he has contributed...”. Inasmuch as the highway could not be opened until the Baltes project was completed, no substantial damages resulted to the respondent that would justify liquidated damages. See Hass v. State Road Commission, 7 Ct.Cl. 209 (1969), Frederick Engineering Co. v. State Road Commission, 8 Ct.Cl. 26 (1969).
Project 21 was completed on December 3, 1973, and finally accepted by respondent on February 13,1975, some two years later. At the time of the acceptance by the respondent, there was a balance due to the claimant of $159,769.62 in addition to the $25,500.00 retained as liquidated damages. The payment of this balance was unduly delayed. The indecision and inaction of the respondent should have been resolved within a reasonable time after the completion of the contract work.
Provisions of West Virginia Code §14-3-1 provide for the payment of 6% interest per annum on amounts not paid within 150 days after final acceptance of a completed project. Under the statute, the claimant is entitled to interest caused by respondent’s delay in payment of funds due. See Vecellio & Grogan, Inc. v. Department of Highways, 12 Ct.Cl. 294 (1979). The time that elapsed between the completion date, December 3, 1973, and the acceptance date, February 13, 1975, is excessive. To establish a reasonable acceptance date for the purpose of determining interest due the claimant, the Court accepts the date suggested by the claimant of February 1, 1974. Interest would then begin to accrue on the 151st day thereafter, or July 1, 1974.
The respondent paid the balance due on the contract in installments: $73,251.02 on May 29,1975; $80,567.98 on May 1,1976; and the balance of $5,950.62 on March 29,1977. The Court is of the opinion that in accordance with W.Va. Code §14-3-1, interest should be charged to the respondent on the above payments as follows:
Interest on $73,251.02 from July 1, 1974, to May 29, 1975, in the amount of $4,017.08.
Interest on $80,567.98 from July 1,1974, to May 1,1976, in the amount of $8,846.36.
Interest on $5,950.62 from July 1, 1974, to March 29, 1977, in the amount of $981.86.
*368 Interest should be charged on the $25,500.00 retained as liquidated damages from July 1, 1974, to February 25, 1981, the issuance date of this opinion, calculated to be $10,174.50.
Accordingly, the Court makes an award of the retained $25,500.00 in liquidated damages and the interest thereon in the amount of $10,174.50, plus the interest calculated on the three payments above in the amount of $13,845.30, for a total award of $49,519.80.
Award of $49,519.80.