RULEY, JUDGE:
Claimant seeks to recover liquidated damages assessed against it for delay in completion of a contract for construction of a segment of the Appalachian Corridor E in Monongalia County, West Virginia. The project involved excavation, embankment, concrete paving, asphalt paving, grading, draining, etc., all of which are a part of roadway construction projects. Claimant required a large supply of limestone aggregate on the project which it contracted to buy from Greer Limestone, the principal source of aggregate in northern West Virginia.
The project began in 1972 with completion scheduled in October 1974. However, claimant contends that inability to obtain the limestone aggregate necessary for the project and wet weather caused actual completion of the project to be delayed until September 19, 1975. The respondent initially assessed liquidated damages for 270 days against the claimant but later reduced that number to 131 days.
*474 The project entailed earth work using heavy equipment for excavation and embankment. Inclement weather during the spring and fall of 1973 affected the excavation and embankment operations. There was good weather during the construction season in 1974, but at that time claimant needed limestone aggregate delivered to the project.
The construction of two secondary roads required limestone aggregate. Claimant experienced a shortage of aggregate delivered.to the project site during the fall of 1974. The project was shut down on November 8, 1974, primarily due to the aggregate shortage. During the first week of May 1975 the claimant was back on the project. Wet weather prevented actual work on the subgrade until late May 1975. At that time, the deliveries of aggregate were sufficient for claimant to complete the project with actual completion on or about September 19,1975.
The wet weather experienced during 1973, the first year of the project, was certainly a contributing factor in the delay in completion of the project. However, the problem of obtaining limestone aggregate contributed to the delay in the performance of the contract. Both the governor and the former state highway engineer testified that the State desired Interstate 79 be completed as soon as possible. The Governor met with the president of Greer Limestone to indicate his desire to have 1-79 completed in 1974. In fact, the governor, in discussing the impact of directing aggregate to the 1-79 projects, testified as follows:
“A. As a matter of fact, to reach a hypothetical question, and I realize I’m not in the position to volunteer here, but had the question arisen that this would have impacted other contractors and that a question would have been arrived at as to whether or not they should have had additional time to complete their projects, I would have directed that they be given additional time.”
For the respondent to assess liquidated damages when it was aware of the shortages of aggregate available to all contractors seems unreasonable. This Court has previously enunciated the rule that liquidated damages may not be assessed *475 by a party who has contributed to cause the delay for which the damages are sought. Whitmyer Brothers, Inc. v. Dept. of Highways, 12 Ct.Cl. 9 (1977). It is clear from the record that the governor’s conduct at least contributed to cause the shortage of aggregate which, in turn, contributed to cause the claimant’s delay in completion of its contract. Furthermore, no substantial damages resulted to the respondent which would justify liquidated damages, since the highway could not be opened until completion of an adjacent project. J.F. Allen Company vs. Dept. of Highways, 13 Ct.Cl. 364 (1981). The Court, therefore, grants claimant an award of $39,300.00.
The Court has determined that the date from which to calculate an award of interest is March 6, 1978, the date of the signing of the final estimate. Interest is calculated at 6% per annum from the 151st day after March 6, 1978, or August 4, 1978 to June 1, 1983, the issuance date of the opinion, in accordance with Section 1, Article 3, Chapter 14 of the Code of West Virginia. The interest amounts to $11,365.56, for a total award of $50,665.56.
Award of $50,665.56.